UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIANE HAMILTON, LYNNE P. CUNNINGHAM AND CLAIRE KANE, on behalf of themselves and all other employees similarly situated,

Plaintiffs,

v.

PARTNERS HEALTHCARE SYSTEM, INC., PARTNERS COMMUNITY HEALTHCARE, INC., THE BRIGHAM AND WOMEN'S HOSPITAL, INC., BRIGHAM AND WOMEN'S/FAULKNER HOSPITALS, INC., FAULKNER HOSPITAL, INC., MARTHA'S VINEYARD HOSPITAL, INC., THE MASSACHUSETTS GENERAL HOSPITAL, MCLEAN HEALTHCARE, INC., THE MCLEAN HOSPITAL CORPORATION, NANTUCKET COTTAGE HOSPITAL, NEWTON-WELLESLEY HOSPITAL, NEWTON-WELLESLEY HEALTH CARE SYSTEM, INC., NORTH SHORE CHILDREN'S HOSPITAL, INC., NORTH SHORE MEDICAL CENTER, INC., NSMC HEALTHCARE, INC., THE SALEM HOSPITAL, UNION HOSPITAL AUXILIARY OF LYNN, INC., YOUVILLE HOSPITAL & REHABILITATION CENTER, INC., JAMES J. MONGAN, M.D., AND DENNIS D. COLLING,

Defendants.

Civil Action No.
1:09-CV-11461

**AMENDED ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants Partners HealthCare System, Inc., Partners Community HealthCare, Inc., The Brigham and Women's Hospital, Inc., Brigham and Women's/Faulkner Hospitals, Inc., Faulkner Hospital, Inc., Martha's Vineyard Hospital, Inc., The Massachusetts General Hospital, McLean HealthCare, Inc., The McLean Hospital Corporation, Nantucket Cottage Hospital, Newton-

Wellesley Hospital, Newton-Wellesley Health Care System, Inc., North Shore Children's Hospital, Inc., North Shore Medical Center, Inc., NSMC HealthCare, Inc., The Salem Hospital, Union Hospital Auxiliary of Lynn, Inc., James J. Mongan, M.D., and Dennis D. Colling (collectively, the "Defendants")[1] hereby respond to the Complaint of plaintiffs Diane Hamilton, Lynne P. Cunningham and Claire Kane (collectively, the "Plaintiffs") as follows:

## NATURE OF CLAIM

1. Defendants admit that Plaintiffs purport to bring claims on their own behalf and on behalf of other allegedly similarly-situated individuals under the Fair Labor Standards Act (the "FLSA") , the Employee Retirement Income Security Act ("ERISA"), and the Racketeer Influenced and Corrupt Practices Act ("RICO"). Defendants deny that they violated, or that Plaintiffs are entitled to relief under, the FLSA, ERISA, or RICO. Defendants also deny that Plaintiffs satisfy the requirements for certification with respect to any of the asserted claims.

## JURISDICTION AND VENUE

2. Defendants admit that Plaintiffs purport to invoke the jurisdiction of this Court. Defendants deny the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendants admit that Plaintiffs allege that venue is appropriate in this Court. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint regarding Plaintiffs' place of residence and therefore deny such allegations. Paragraph 3 of the Complaint also sets forth a legal conclusion regarding the appropriate venue for this case, to which no response is required. To the extent a response is required, Defendants deny such allegations. Defendants deny the remaining allegations contained in paragraph 3 of the Complaint.

[1] This Answer is submitted on behalf of all of the named defendants other than Youville Hospital & Rehabilitation Center, Inc.

## CLASS ACTION ALLEGATIONS

4. Paragraph 4 of the Complaint sets forth a legal conclusion regarding Plaintiffs' ability to maintain their purported ERISA and RICO claims as a class action, to which no response is required. To the extent a response is required, Defendants deny such allegations. Defendants deny the remaining allegations contained in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint sets forth a legal conclusion regarding Plaintiffs' ability to maintain their purported claims as a class action, to which no response is required. To the extent a response is required, Defendants deny such allegations.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore deny them.

8. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore deny them.

9. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore deny them.

10. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore deny them.

11. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore deny them.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint sets forth legal conclusions regarding Plaintiffs' ability to maintain their purported claims as a class action, to which no response is required. To the extent a response is required, Defendants deny such allegations.

## PARTIES

**A. Defendants**

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants admit that Plaintiffs refer to the "Named Defendants, the Health Centers and the Affiliates" as "Partners" or "defendants". Defendants deny the remaining allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint. Further responding, Defendants state that James J. Mongan is the President and CEO of Partners Healthcare System, Inc.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants admit that Dr. Mongan has authority to and over the years likely has participated in decisions that concern some policies. Defendants deny the remaining allegations contained in paragraph 29 of the Complaint.

30. Defendants admit that Dr. Mongan has authority to and over the years likely has participated in decisions that concern some operations. Defendants deny the remaining allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants admit that Dr. Mongan has the power to hire and fire certain employees. Defendants deny the remaining allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint. Further responding, Defendants state that Dennis D. Colling is the Vice President of Human Resources of Partners Healthcare System, Inc.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

**B. Plaintiffs**

*Named Plaintiffs*

76. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint and therefore deny them.

*Class Members*

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

## FACTUAL BACKGROUND

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

*Meal Break Deduction Policy*

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. Defendants admit that nonexempt employees should be paid for all work time. Defendants deny the remaining allegations contained in paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

*Unpaid Preliminary and Postliminary Work Policy*

100. Defendants deny the allegations contained in paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in paragraph 103 of the Complaint.

*Unpaid Training Policy*

104. Defendants deny the allegations contained in paragraph 104 of the Complaint.

105. Defendants deny the allegations contained in paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in paragraph 108 of the Complaint.

*Additional Allegations*

109. Defendants deny the allegations contained in paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in paragraph 110 of the Complaint.

111. Defendants deny the allegations contained in paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in paragraph 112 of the Complaint.

113. Defendants deny the allegations contained in paragraph 113 of the Complaint.

114. Defendants deny the allegations contained in paragraph 114 of the Complaint.

115. Defendants deny the allegations contained in paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in paragraph 116 of the Complaint.

117. Defendants deny the allegations contained in paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in paragraph 118 of the Complaint.

119. Defendants admit that Plaintiffs purport to seek injunctive relief. Defendants deny the remaining allegations contained in paragraph 119 of the Complaint and deny that Plaintiffs are entitled to any form of relief.

120. Defendants deny the allegations contained in paragraph 120 of the Complaint.

121. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the Complaint and therefore deny them.

122. Defendants deny the allegations contained in paragraph 122 of the Complaint.

123. Defendants deny the allegations contained in paragraph 123 of the Complaint.

124. Defendants admit that paragraph 124 of the Complaint purports to set forth a definition of the term “mailed”. Defendants deny the remaining allegations contained in paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in paragraph 127 of the Complaint.

128. Defendants deny the allegations contained in paragraph 128 of the Complaint.

129. Defendants deny the allegations contained in paragraph 129 of the Complaint.

130. Defendants deny the allegations contained in paragraph 130 of the Complaint.

131. Defendants deny the allegations contained in paragraph 131 of the Complaint.

132. Paragraph 132 of the Complaint sets forth a legal conclusion regarding the definition of a “person”, to which no response is required. To the extent a response is required, Defendants deny such allegations. Defendants deny the remaining allegations contained in paragraph 132 of the Complaint.

133. Paragraph 133 of the Complaint sets forth a legal conclusion regarding the definition of a “person”, to which no response is required. To the extent a response is required, Defendants deny such allegations. Defendants deny the remaining allegations contained in paragraph 133 of the Complaint.

134. Paragraph 134 of the Complaint sets forth a legal conclusion regarding the definition of an “enterprise”, to which no response is required. To the extent a response is required, Defendants deny such allegations. Defendants deny the remaining allegations contained in paragraph 134 of the Complaint.

135. Defendants deny the allegations contained in paragraph 135 of the Complaint.

136. Defendants deny the allegations contained in paragraph 136 of the Complaint.

137. Defendants deny the allegations contained in paragraph 137 of the Complaint.

138. Defendants deny the allegations contained in paragraph 138 of the Complaint.

139. Defendants deny the allegations contained in paragraph 139 of the Complaint.

140. Defendants deny the allegations contained in paragraph 140 of the Complaint.

141. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the Complaint regarding Plaintiffs' "due diligence" and awareness of their alleged rights and therefore deny them. Defendants deny the remaining allegations contained in paragraph 141 of the Complaint.

142. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of the Complaint and therefore deny them.

143. Defendants deny the allegations contained in paragraph 143 of the Complaint.

144. Defendants deny the allegations contained in paragraph 144 of the Complaint.

145. Defendants deny the allegations contained in paragraph 145 of the Complaint.

146. Defendants deny the allegations contained in paragraph 146 of the Complaint.

147. Defendants deny the allegations contained in paragraph 147 of the Complaint.

148. Defendants deny the allegations contained in paragraph 148 of the Complaint.

**FIRST CAUSE OF ACTION**
*FLSA*

149. Defendants incorporate their responses to paragraphs 1-148 of the Complaint.

150. Defendants deny the allegations contained in paragraph 150 of the Complaint.

**SECOND CAUSE OF ACTION**
*ERISA – Failure to Keep Accurate Records*

151. Defendants incorporate their responses to paragraphs 1-150 of the Complaint.

152. Defendants admit that Plaintiffs purport to bring claims under ERISA. Defendants deny the remaining allegations contained in paragraph 152 of the Complaint.

153. Defendants deny the allegations contained in paragraph 153 of the Complaint.

**THIRD CAUSE OF ACTION**
*ERISA – Breach of Fiduciary Duty*

154. Defendants incorporate their responses to paragraphs 1-153 of the Complaint.

155. Defendants deny the allegations contained in paragraph 155 of the Complaint.

**FOURTH CAUSE OF ACTION**
*RICO*

156. Defendants incorporate their responses to paragraphs 1-155 of the Complaint.

157. Defendants admit that Plaintiffs purport to bring claims under ERISA. Defendants deny the remaining allegations contained in paragraph 157 of the Complaint.

158. Defendants deny the allegations contained in paragraph 158 of the Complaint.

**FIFTH CAUSE OF ACTION**
*Estoppel*

159. Defendants incorporate their responses to paragraphs 1-158 of the Complaint.

160. Defendants deny the allegations contained in paragraph 160 of the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST DEFENSE**

The Complaint, in whole or in part, fails to state a claim on which relief can be granted.

**SECOND DEFENSE**

To the extent Plaintiffs' claims are based on alleged actions that occurred outside the applicable statutes of limitation, such claims are barred.

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent they failed to exercise reasonable diligence to avoid harm.

**FOURTH DEFENSE**

To the extent that Plaintiffs mitigated, minimized or avoided any damages allegedly sustained, any economic damages against Defendants must be reduced by that amount. In

addition, to the extent that Plaintiffs failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any economic damages against Defendants must be barred.

**FIFTH DEFENSE**

Plaintiffs' Complaint fails to the extent Plaintiffs' claims are barred, either in whole or in part, by the doctrines of waiver, payment, laches, release, accord and satisfaction, and/or estoppel.

**SIXTH DEFENSE**

To the extent Plaintiffs failed to comply with the administrative prerequisites applicable to their claims, their claims are barred.

**SEVENTH DEFENSE**

Plaintiffs are not entitled to recover compensatory damages, liquidated damages, punitive damages, attorneys' fees, costs, or equitable relief.

**EIGHTH DEFENSE**

North Shore Children's Hospital, Inc. and The Salem Hospital are not proper party defendants because they no longer exist as legal entities.

**NINTH DEFENSE**

The claims against some of the Defendants are barred to the extent some of the Defendants do not have any employees and, therefore, are not "employers" within the meaning of the relevant statutes.

**TENTH DEFENSE**

To the extent Plaintiff Cunningham's claims are covered by a collective bargaining agreement, as well as claims she purports to bring on behalf of certain other purported class

members, they are barred by her failure to exhaust the grievance and arbitration provisions of the collective bargaining agreement governing her terms and conditions of employment.

**ELEVENTH DEFENSE**

To the extent Plaintiffs' claims implicate the National Labor Relations Act and/or the Labor Management Relations Act, the doctrine of preemption bars the purported claims of Plaintiffs and those they seek to represent.

**TWELFTH DEFENSE**

To the extent Plaintiffs seek to enforce putative class members' rights under collective bargaining agreements to which they are not a party, Plaintiffs lack standing to pursue their purported claims in whole or in part. This defense may also apply to the purported claims of some or all of the potential members of the putative class that Plaintiffs purport to represent.

**THIRTEENTH DEFENSE**

All or part of Plaintiffs' claims are barred by the *de minimis* doctrine.

**FOURTEENTH DEFENSE**

To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendants required the false reporting of hours; and no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to their hours, or to the extent discovery reveals that Plaintiffs otherwise failed to follow Defendants' policy for reporting their hours, the doctrine of estoppel bars the claims asserted by Plaintiffs. This defense may also apply to the purported claims of some or all of the potential members of the putative class that Plaintiffs purport to represent.

**FIFTEENTH DEFENSE**

Plaintiffs are not similarly situated to the proposed class members, or to any other person or persons for the purposes of the FLSA.

**SIXTEENTH DEFENSE**

All or part of the time for which Plaintiffs or any proposed class members seek compensation does not constitute compensable time for purposes of the FLSA.

**SEVENTEENTH DEFENSE**

If any of the activities are deemed to be compensable, the liability of any Defendant to any particular employee has been fully or partially satisfied by the payment of extra time for such activities.

**EIGHTEENTH DEFENSE**

Plaintiff cannot satisfy the requirements for a collective action under the FLSA, thus barring collective action treatment.

**NINETEENTH DEFENSE**

One or more of the Plaintiffs or opt-in plaintiffs may be judicially estopped from pursuing their claims.

**TWENTIETH DEFENSE**

Defendants did not willfully deprive any person of any wages to which they may have been entitled.

**TWENTY-FIRST DEFENSE**

Plaintiffs and other proposed class members are not entitled to recover liquidated damages because Defendants at all times acted in good faith and with reasonable grounds for believing that it had not violated the FLSA.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims under the FLSA are barred to the extent they were employed in an exempt position, including without implication of limitation, a bona fide executive, administrative, or professional position.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, based on the exclusions, limitations, or other terms of an applicable ERISA plan.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to satisfy conditions precedent to any obligation under an applicable ERISA plan.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to follow the claims procedures of an applicable ERISA plan.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims are barred to the extent the relief sought is inappropriate, equitable relief.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' RICO claims are preempted, in whole or in part, by the Fair Labor Standards Act.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs have failed to allege facts sufficient to constitute a proper RICO claim.

**TWENTY-NINTH DEFENSE**

Plaintiffs have failed to allege facts sufficient to constitute the requisite number of predicate acts under RICO.

**THIRTIETH DEFENSE**

Plaintiffs cannot establish that Defendants' alleged misconduct, which comprises their purported RICO claim, was the proximate cause of injuries to the Plaintiffs.

**THIRTY-FIRST DEFENSE**

Plaintiffs do not have standing to allege a RICO claim, because they cannot establish that Defendants' alleged misconduct was the proximate cause of injuries to the Plaintiffs.

**THIRTY-SECOND DEFENSE**

Defendants hereby gives notice that they intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserve the right to amend this answer and assert such defenses.

Respectfully submitted,

PARTNERS HEALTHCARE SYSTEM, INC., PARTNERS COMMUNITY HEALTHCARE, INC., THE BRIGHAM AND WOMEN'S HOSPITAL, INC., BRIGHAM AND WOMEN'S/FAULKNER HOSPITALS, INC., FAULKNER HOSPITAL, INC., MARTHA'S VINEYARD HOSPITAL, INC., THE MASSACHUSETTS GENERAL HOSPITAL, MCLEAN HEALTHCARE, INC., THE MCLEAN HOSPITAL CORPORATION, NANTUCKET COTTAGE HOSPITAL, NEWTON-WELLESLEY HOSPITAL, NEWTON-WELLESLEY HEALTH CARE SYSTEM, INC., NORTH SHORE CHILDREN'S HOSPITAL, INC., NORTH SHORE MEDICAL CENTER, INC., NSMC HEALTHCARE, INC., THE SALEM HOSPITAL, UNION HOSPITAL AUXILIARY OF LYNN, INC., JAMES J. MONGAN, M.D., AND DENNIS D. COLLING

By their attorneys,

/s/ Christopher B. Kaczmarek

David C. Casey (BBO No. 077260)
Christopher B. Kaczmarek (BBO No. 647085)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
Phone 617.378.6000
Fax 617.737.0052
dcasey@littler.com
ckaczmarek@littler.com

Lisa A. Schreter (*Pro hac vice* admission is anticipated)
Angelo Spinola (*Pro hac vice* admission is anticipated)
LITTLER MENDELSON, P.C.
3344 Peachtree Road, N.E.
Suite 1500 Atlanta, GA 30326
Phone: 404.233.0330
Fax: 404.233.2361
lschreter@littler.com
aspinola@littler.com

Dated: November 10, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically and via first class mail to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek

Firmwide:92800876.1 063738.1001